Baldwin, J.
This case comes up to this court on a petition in error to reverse the judgment of the court below in favor of the Globe Oil Company for seven thousand dollars. The Globe Oil Company brought suit against Charles H. Gardner, impleaded with a man by the name of Barber, not served, upon a bond of indemnity which was given to the Globe Oil Company; it was a joint bond, given to the Globe Oil Company under -somewhat these circumstances: It seems that Charles H. Gardner and Barber were owners of a considerable share of the stock of the Globe Oil Company, and that that stock was sold out to divers gentlemen, residents of Cleveland, in the main at least, and they bought the stock upon a representation of what were the assets and liabilities of the Globe Oil Company; and Gardner and Barber, in consideration of the purchase of that stock by these gentlemen, guaranteed to the Globe Oil Company that the accounts which were named in the schedule which was attached to that bond, were good and would be collected within' a period of six months. This suit is by the Globe Oil Company; and no question arises upon the right of the Globe Oil Company to maintain action, so far as the proper party plaintiff is concerned, upon -that bond.
The defense which is claimed by Gardner to that, arises out of some subsequent transaction. Hiá answer is substantially thi-s: He admits joining with Barber in the execution of that bond; he admits that there was a deficiency in those assets amounting to about ten thousand dollars, in the first place, for *660 which he and Barber were liable. He says, however, in the answer, that there was a dispute about the amount of that liability; that he agreed with these gentlemen representing the Globe Oil Company, they claiming that his share of that liability was twenty-nine hundred and odd dollars, that he would pay that share which belonged to him and should be released from the balance. As I have already said, it is to be noticed that he admits before he gets through at the close that the balance claimed by the company upon those accounts is uncollected.
Now, this has somewhat the appearance of a contract that is without consideration; and he alleges several things which apparently were meant by the pleader to fulfill the requirement of the common law that there should be a consideration for the agreement. Here was a case where he was really liable; the' judgment against him here I believe was about seven thousand dollars and the sum which he paid was three thousand, where he was really liable for about ten thousand dollars jointly with Barber; and he claims to have been released on the payment of only three thousand out of the ten thousand dollars for which he was liable. He states, as I have already suggested, first, that the claim was an unliquidated claim, that there was a dispute about it, and states that as a consideration why a part should have been taken from him in satisfaction of the whole. As far as the evidence is concerned it was entirely an undisputed claim; in fact, no claim is made by this Mr. Gardner’s counsel before us that the claim was an unliquidated claim. He alleges further that it was agreed that the sum which he was to pay was to be paid in Cleveland. It does not appear clearly where-.the agreement was made, but I believe it was not dated. It will appear, however, that the Globe Oil Company had headquarters at St. Paul and Minneapolis. He alleges further that it was agreed as a part, of the consideration on which he was to be released that -he should pay in New York exchange. While the agreement to pay in Cleveland rather than in St. Paul, or to pay in a draft on New York rather (than in ordinary currency a debt that was due, seems like a v-ery small consideration, as of course it is, yet it is claimed that it is enough consideration and as much as courts have repeatedly made suffice to answer as a consideration for a release of one partner or one joint debtor upon the payment of a part, of his share. *661 On the completion of the testimony by the defendant the judge directed the jury to bring in a verdict in favor of the plaintiff.
Now, the plaintiff’s case being conceded practically in the outs'et and the burden of proof being on the defendant, if the defendant made a case upon all these things) necessary for him to prove, the court committed error in directing the jury to return a verdict for the plaintiff; the rule on that point is very well understood and laid down a great many times and stoutly by our 'supreme .court.
The _point on which there was doubt, and which was argued before us, was whether or not/there was proved to be any consideration for this partial release. I have said that the matter ot its being an unliquidated claim is 'entirely out of the case; nobody claims it and the evidence would not tend to support it.
Now, it is true that the payment was made by Mr. Gardner in Cleveland, and it is true that in the end he paid this $2,900-by draft on New York; 'but there is not one particle of evidence —it was said that the Globe Oil Company received these sums was evidence that it had agreed to receive them in that manner —that may be — but there was not one particle of evidence that either the payment in Cleveland or the giving of a draft instead of some other mode of payment, was a part of any consideration by which he was to be released. In fact, if we believe the testimony of Mr. Gardner himself — -it was very brief and short —it was no part of that agreement that it should be paid in Cleveland or that it should be paid in a draft on New York.
His testimony was substantially this: That the debt being' estimated or computed and it being found that there was $2,928, I think it was, due from him, he wanted to pay that part of it and he did not want to be liable any further; and that they said that they would take that sum and not trouble him any further. That was all there was to it; these matters which he now alleges in these pleadings as being a consideration for' his release, on his own testimony, were no part of the contract under which he claims to be released.
We have had some little debate about whether or not, when there isi a joint debt of this sort, the circumstances that one-joint debtor pays up his share, is or is not at the common law a good consideration for that release. The cases upon that' subject seem to lay down the doctrine that-that furnishes no- *662 consideration for the release unless it is a part of the contract that the other parties who are liable upon such a contract— upon the original contract — assume that as their separate and individual debt; and there is no 'such state of things set up in this pleading or in the answer. In fact, so far as the evidence is concerned, there is some evidence tending to show that the contract was not that which Mr. Gardner claims that it was. But of course, as far as this case is concerned, no matter whether or not there may be any apparent difference between the different pants of the testimony, if there is any evidence which tends to support the allegation of the.answer, it is necessary for us to say that the court erred in absolutely directing a verdict by the jury. It is the opinion of the majority of the court that, treating the matter as at common law, the action of the court was correct, and that there was no consideration which would be recognized at common law as being a good consideration for this release which is claimed of Mr. Gardner.
There is, however, a somewhat more extended view to be taken of this matter, under which possibly the result may be ■somewhat different; at any rate there are other considerations to be considered. There is a statute of the state of Ohio — and whether this contract was made in the state of Ohio or in the ■state of Minnesota, there being no evidence of what the law of the sítate of Minnesota is, .it is Ito be assumed that the law of Minnesota is similar to that of the state of Ohio — so that for the purposes of this case this statute applies, either because it applies here or because is applies as being a part of this new contract in the state of Minnesota, which will be carried out under these acts here.
Section 3x62, Revised Statutes, provides:
“When a partnership is dissolved, by mutual consent or otherwise, any partner may make a separate composition or compromise with any creditor of the partnership; and such composition or compromise shall he' a full and effectual discharge to the debtor who makes the same, and to him only, of and from all and every liability to the creditor with whom the same is made, according to the terms thereof.”
Section 3166, Revised Statutes, provides:
“The above provisions in reference to partners shall extend to .other joint debtors, who may, individually, compound or *663 compromise for their joint indebtedness, with the like ’effect in reference to creditors and to joint debtors of the individual so compromising, as is above provided in reference to partners.”
This was undeniably a joint obligation; that appears’by the petition, and the agreement by which this joint debtor was to be discharged is set forth in the answer, there being, as we have seen, no other consideration alleged for it except the payment of a sum of money which it is admitted he owed, and which was, as between him and the other joint debtors, the full amount of his liability. And there being, as the majority of us at least are of opinion, no good consideration at the common law, the question is whether the effect of this statute is to operate in a degree as a sort of 'enabling act to enable the making of such releases on the part of partners or of joint debtors, where the whole circumstances are such that, if it was at common law, the old strict rule would apply which I have already sufficiently adverted to.
This section 3162, Revised Statutes, provides absolutely that “when a partnership is dissolved, by mutual consent or otherwise, any partner may make a separate composition or compromise with any creditor of the partnership; and-such composition or compromise shall be a full and effectual discharge to the debtor who makes the same.”
Did they mean to say there that it must be made under such •circumstances that it would be good at the common law, or did they meando say that whenever a partner made a separate composition or compromise with a creditor of the partnership, that •composition or compromise should be a full and effectual discharge to the debtor who makes the same? In short, in this ease, where this joint debtor, if the story which he has told in his pleading- is true, paid the full amount of his share, as between himself and the joint debtor, of the whole indebtedness, and made a composition or compromise, is it to be said that, because the circumstances were such that it would not be good at common law, it would not be good under this statute, when he did all that he could, perhaps, fairly be expected to do under this statute? A majority of the court are of the opinion that the law which I have now read was meant to mitigate the rigor of the common law in two respects: That it was meant to change the common law before this that the discharge and *664 release of one partner from a partnership liability inured to the benefit of the other partners and discharged them; and a majority of the court think it was also meant to mitigate the rigor and severity of the common law in requiring, in such cases as are made by the pleadings, that there should be some small technical other consideration than the payment of the money.
Blandin & Buell, for Plaintiff in Error.
Henderson, Kline & Tolies, for Defendant in Error.
■ I have been able to find no authority which directly discusses this question. I have found quite a number of cases where apparently a partial sum of money was the only payment and the only apparent consideration for such a release, and those have been recognized as valid compositions; but there has been no discussion of the question whether or not such a consideration for such a release is required under this section 3162, Revised Statutes, as would be required at the common law.
With the views which a majority of the court have, it is necessary that the judgment of the court below should be reversed and that this action should be sent again to the common pleas for further proceedings and trial.